FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**COMPLAINT**

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP 13 2024
ARTHUR JOHNSTON
BY _____ DEPUTY

Miller  176143
(Last Name)  (Identification Number)

Jacob.  Louis
(First Name)  (Middle Name)

Harrison County ADC
(Institution)

4506 Marlena St unit 15 Bosser City LA, 71111
(Address)

(Enter above the full name of the plaintiff, prisoner, and address plaintiff in this action)

✓ Jury Trial Demanded

V.

Burl Cain, Major Nichols, Officer Williams, #1 John Doe officer, #2 John Doe officer, Captian James

(Enter above the full name of the defendant or defendants in this action)

CIVIL ACTION NUMBER: 5:24-cv-88-KS-BWR
(to be completed by the Court)

## OTHER LAWSUITS FILED BY PLAINTIFF

**NOTICE AND WARNING:**
The plaintiff must fully complete the following questions. Failure to do so may result in your case being dismissed.

A. Have you ever filed any other lawsuits in a court of the United States?   Yes ( ), No (✓)

B. If your answer to A is yes, complete the following information for each and every civil action and appeal filed by you. (If there is more than one action, complete the following information for the additional actions on the reverse side of this page or additional sheets of paper.)

1. Parties to the action: N/A

2. Court (if federal court, name the district; if state court, name the county): N/A

3. Docket Number: N/A

4. Name of judge to whom case was assigned: N/A

5. Disposition (for example: was the case dismissed? If so, what grounds? Was it appealed? Is it still pending?): N/A

1

## PARTIES

(In item I below, place your name and prisoner number in the first blank and place your present address in the second blank. Do the same for additional plaintiff, if any).

I. Name of plaintiff: Jacob L. Miller   Prisoner Number: # 459893

Address: Harrison County Adult Detention Center 4506 Marlena St unit 15 Bossier City LA 71111

(In item II below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use the space below item II for the names, positions, and places of employment of any additional defendants.)

II. Defendant: Burl Cain (Official Capacity only) is employed as Mississippi Department of Corrections Commissioner at 660 N Street Jackson MS 39202

The plaintiff is responsible for providing the court the name and address of each plaintiff(s) as well as the name(s) and address(es) of each defendant(s). Therefore, the plaintiff is required to complete the portion below:

PLAINTIFF:

NAME: Jacob L. Miller   ADDRESS: Harrison County ADC 4506 Marlena St- unit 15 Bossier City LA 71111

DEFENDANT(S):

NAME:
Major Nichols (officially only)
Officer Williams (individually)
#1 John Doe officer (individually) - TBD
#2 John Doe officer (individually) TBD
Captin James (Individually)
Burl Cain (Officially only)

ADDRESS:
TVC 2015 Jessee Paul Rd
Magnolia MS 39652
(601)-783-5514

660 N St Jackson MS 39202

2

## GENERAL INFORMATION

A. At the time of the incident complained of in this complaint, were you incarcerated because you had been convicted of a crime?

   Yes (✓)   No ( )

B. Are you presently incarcerated for a parole or probation violation?

   Yes (✓)   No ( )

C. At the time of the incident complained of in this complaint, were you an inmate of the Mississippi Department of Corrections (MDOC)?

   Yes (✓)   No ( )

D. Are you currently an inmate of the Mississippi Department of Corrections (MDOC)?

   Yes (✓)   No ( )

E. Have you completed the Administrative Remedy Program regarding the claims presented in this complaint?

   Yes ( )   No (✓), if so, state the results of the procedure: _____

   _____

F. If you are not an inmate of the Mississippi Department of Corrections, answer the following questions:

   1. Did you present the facts relating to your complaint to the administrative or grievance procedure in your institution?

      Yes ( )   No ( )

   2. State how your claims were presented (written request, verbal request, request for forms): N/A

   3. State the date your claims were presented: N/A

   4. State the result of the procedure: N/A

3

## STATEMENT OF CLAIM

III. State here as briefly as possible the facts of your case. Describe how each defendant is involved. Also, include the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of different claims, number and set forth each claim in a separate paragraph. (Use as much space as you need; attach extra sheet if necessary.)

1. Defendant(s) Williams, James, 2 Doe officers used excessive force against plaintiff Miller. The Defendant(s) actions violated Plaintiff Millers rights under the 8th Amendment to the united states constitution and caused Plaintiff Miller pain, suffering, injuries as well as emotional Distress.

(see outline of facts)
Back pages 1-8

## RELIEF

IV. State what relief you seek from the court. Make no legal arguments. Cite no cases or statutes.

$50,000.00 per officer who are Williams, James, 2 Doe officers for injuries and failure to provide medical attention. A TRO be issued for the immediate protection of Plaintiff Possible witness protection program. That an investigation be started on the information given. A Permanent injunction of protection Declaratory and Punitive Damages from each Defendant where sued individualy.

Signed this 6th day of September, 2024.

Nicole L Miller #176143
Signature of plaintiff, prisoner number and address of plaintiff

I declare under penalty of perjury that the foregoing is true and correct.

September 6th 2024
(Date)

Nicole L Miller #176143
Signature of plaintiff

4

# FACTS

1. On or about the 22nd day of February, 2021, Plaintiff plead guilty to an indictment of possession of a controlled substance. He was sentenced to serve Eight (8) years suspended followed by reporting post-release supervision.

2. On the 14th day of March, 2024 Judge Dodson sentenced plaintiff to ninety (90) days in a Thenical violation Center.

3. Soon thereafter, plaintiff Miller was transported to the Pike County Technical violation Center. After Miller was there a few days, he began to notice an inmate named Thomas Graham #230467 acting suspicious. He began to make comments geared toward the Plaintiff's knowledge of people involved in a circle of people involved in Several Murder cases. This made the plaintiff very nervous.

4. Inmate Graham began to accuse Miller of knowing more about them. This roused Miller to the point out of intuition and Self-Defence he struck Graham in the face. This was April 20th, 2024.

5. After the Altercation, and later that night Plaintiff Miller observed inmate Graham with a Firearm.

6. Miller noticed him in the Shower area. He pointed the gun out of the Shower Curtain and took aim at the plaintiff attempting to Murder him.

Page 1 of 8 pages

7. It's through knowledge and belief of the Plaitiff that staff member's under the adusment of the "Circle of people" gave the inmate the gun to murder the plaintiff because of his knowledge of murders and their cover-ups.

8. When plaintiff Miller saw Graham with the gun. He ran out of the zone, ducking to avoid shots; in fear for his life ran down the hallway, out of door 8 and ran stopping at the fence.

9. Two Defendant John Doe Correctional officers, had spotted Miller exit the zone and go out door 8 quickly followed him. They approached him standing at the fence. They demanded to know what he was doing and why he ran out of the building.

10. Plaintiff Miller explained about how Graham had pointed a gun at him. He also explained how he knew that the FBI wanted him killed; because he knew about a murder cover-up of murder victim Tena Marie Broadus and that Joshua A. Petterman was not the real killer. He stated he knew who the real killer was.

11. The two officers attempted to calm Miller down; They said they would do a sweep. They asked Miller to come back inside and he complied.

Page 2 of 8 Pages

12. Once back inside, the two officers placed plaintiff in arm and leg restraints. Afterwards they sat him in a chair. They then went into the Zone.

13. Soon thereafter, they exited then went into the tower and started tampering with the video footage. This made Miller feel he needed to do something and fast! He began to be afraid for his life.

14. He hopped up out of the chair, and down the hallway and towards exit door 7, but it was locked. The two officers ran after him, dragging him back and putting him back in the chair.

15. Finnaly, the officer came out and said after Miller asked if he could return to the Zone, the officer told Miller that he couldn't.

16. Plaintiff Miller became even more worried and asked if they were going to kill him. The officers told Miller "no". He asked them again and again they continued to deny.

17. Finnaly the officer gave in and said "I can't wait to kill you". Miller freaked out

18. He again hopped down the hallway to door 6 which was open and on to the smokeyard screaming for help!

Page 3 of 8 pages

19. One of the officers, who was outside keeping a lookout, ran to up to Miller. He stepped on Millers leg irons and pushed Miller to the ground, hurting him and causing pain and injury.

20. After roughing up plaintiff Miller the officers put handcuffs on Millers left arm very tightly and to the chair, turning his arm purple causing pain, this was 0530 AM Jim (4 hours in chair) 1. without tight cuff only 1 hour

21. Around 0600 Jim am when officer Williams showed up to start her morning shift.

22. Defendant officer Williams entered the building through door 6 and asked two John Doe officers if they had signed out 2 pairs of shackles and handcuffs. She was at first calm when she arrived that morning.

23. Plaintiff Miller had thought for a moment that he might be okay, but as time went on, he noticed the Defendant acting suspicious, she kept walking in and out of door 6 numerous times.

24. Plaintiff Miller began to panic, the two John Doe officers began to push Plaintiff Miller in the chair all the way down the hallway to Door 5, right in front of Administration.

25. It was a few minutes later, Defendant Capt. James came through door 5, asking Miller if he was going to get in trouble again because the incident with Graham.

26. Capt. James then went and put on blue gloves, and watched Plaintiff Miller. This was all while the two John Doe officers were clocking out, messing with paperwork.

27. The two John Doe officers left after asking Capt. James if he needed any help. This furthered Millers suspicions.

28. At this point, Miller knew he must do something. He asked Captain James if he would allow him to get some water, explaining to him he had been in the chair for four hours.

29. Capt. James took Miller to the water fountain after taking the cuff off that cuffed him to the chair.

30. Suddenly, Officer Williams came down the hallway from out back and was looking at door 5 and back at Capt. James and said "I don't know about the short white guy and white lady."

Page 5 of 8 pages

31. When Miller heard those words, he knew that he was really in trouble, that he was in desperate need of help.

32. He asked Capt. James if he could go back in the zone. Defendant James told him "no".

33. He asked "when can I go?" he replied "when you calm down". "Sir, I'm calm. My name is Jacob Miller and I've been sitting in this chair for four hours." Plaintiff said.

34. Capt. James looked at Plaintiff "Your" Larry Mcdougals". At that point the plaintiff knew that he was in serious trouble. It appeared it might have been a mistaken identity.

35. Miller, kindly denied being "Larry Mcdougals" and corrected him in saying "I'm Jacob Miller".

36. Knowing now he had to do something to avoid his murder, he asked the Captain he needed more water. The plaintiff stood up and began going down the hallway.

37. Defendant James screamed "sit down". Plaintiff kept walking. As he got to the door 6, he noticed it was ajar. He pushed it open and went on to the smoke yard and began screaming for help.

Page 6 of 8 pages

38. The plaintiff observed officer Williams outside as it is believed she was keeping a lookout. She ran towards plaintiff and attempted to tackle the plaintiff, the plaintiff juked her, screaming for help. As loud as he could.

39. Finnaly, Capt. James was grabbing plaintiff Miller. Miller said his name "Jacob Miller." you got the wrong guy. Miller asked Capt'an James "what's my name?"

40. The Defendant wispered "Jacob Miller."

41. Plaintiff kept screaming for help and tripped on the curb, falling into the grass.

42. Plaintiff kept screaming, and Plaintiff yelling "help me", "help" Defendant James pulled on the Plaintiffs leg restraints so hard it ripped his skin off his legs causing pain.

43. Defendant James then tried with all his might to drag Plaintiff back in the building. He then proceeded to put his knee cap directly on his sternum. Plaintiff screamed louder but as the defendant put all his might on his knee putting pressure on Plaintiffs chest. He couldn't Breath

Page 7 of 8 pages

44. He was strattling Plaintiff and proceeded to kill plaintiff by pressing all the weight of his body on Millers chest. It caused severe pain and caused Plaintiff to have a hard time breathing.

45. 2 correctional officers one woman and man saw and heard the commotion. They came to the cries of the plaintiff. (1.)

46. This is believed to be the only reason Captin James let go.

47. After they helped get plaintiff inside.

48. There were photo's taken of plaintiff's injuries.

49. Miller. The next day had subsequently been transfered back to Harrison county.

50. He didn't recieve Medical until getting back.

51. These events occured from April 20-21, 2024.

(1.) Take note: See #30 in statement of facts. — "Williams refers to these two officers" as "Not knowing about them".

Page 8 of 8 pages