IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JACOB LOUIS MILLER PLAINTIFF

V. CIVIL ACTION No. 5:24-CV-88-DCB-BWR

BURL CAIN, et al. DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Defendants' Reasserted Motion for Summary Judgment [ECF No. 73] and Judge Rath's Report and Recommendation ("Report") [ECF No. 80] recommending that such motion should be granted. Specifically, in the Report, Judge Rath recommended that Defendants' motion for summary judgment [ECF No. 78] be granted based on Plaintiff's failure to exhaust his administrative remedies. To date, no party has filed objections to the Report, and with the deadline being November 12, 2026, the time to do so has now passed.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law"

standard of review to the Report. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has conducted a comprehensive review of the record in conjunction with its consideration of Judge Rath's Report and relevant legal authorities. The Court observes that Miller was contained at the Pike County Community Work Center in Magnolia, Mississippi when the events at issue occurred. As stated in the Report, Miller alleges the following: (1) that another inmate tried to kill him; (2) that Defendants foiled multiple of his escape attempts; (3) and that Defendants forcibly restrained him multiple times. Miller further asserts that he did not receive immediate care for his injuries sustained. Miller was transferred to the Harrison County Adult Detention Center ("HCADC") at some point after these events, although the "when" is disputed. Judge Rath found in his Report that whether Miller remained in Pike County for a period of time or was transferred to HCADC the next day (the "when") is immaterial.

Defendants filed their first Motion for Summary Judgment [ECF No. 43] on July 9, 2025. Judge Rath entered his first Report and Recommendation recommending to this Court that Defendant's initial motion for summary judgment [ECF No. 43] be denied based on existing factual disputes, and that an evidentiary hearing be held to resolve said controversies. See [ECF No. 60]. This Court

adopted Judge Rath's Report [ECF No. 60] and ordered the recommended evidentiary hearing. See [ECF No. 61].

On June 29, 2026, the evidentiary hearing was held at which both Miller and Defendants presented testimony and other evidence to iron out the factual inconsistencies. Thereafter, Defendants filed their Reasserted Motion for Summary Judgment [ECF No. 73] on August 12, 2026, and Judge Rath entered his Report on October 29, 2026.

Judge Rath's Report recommends that Defendants' Reasserted Motion for Summary Judgment should be granted for two reasons: (1) any dispute about the availability of the Mississippi Department of Corrections's ("MDOC's") grievance procedure handbook made available to HCADC inmates is not genuine and (2) Miller's attempt to initiate MDOC's grievance procedure was untimely.

Having considered the Report of Judge Rath, the Court adopts his findings and conclusions in full. The U.S. Supreme Court has confirmed that "unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Here, as Judge Rath found, there is no evidence that administrative remedies were not available to Miller, and his attempt to initiate any administrative procedure was admittedly five months after the events giving rise to the lawsuit, making it untimely.

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that Judge Rath's Report and Recommendation [ECF No. 80] is ADOPTED as the opinion of this Court.

IT IS FURTHER ORDERED that Defendants' Reasserted Motion for Summary Judgment [ECF No. 73] is GRANTED. Consequently, the Court finds the case should be DISMISSED WITH PREJUDICE.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED this the 19th day of November, 2026.

/s/ David C. Bramlette
David C. Bramlette III
UNITED STATES DISTRICT JUDGE